**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JANICE SEGURA, *as Relator on behalf of the United States*,

Plaintiff,

v.

SURGICAL CARE AFFILIATES, LLC, et al.,

Defendants.

Case No. 22-2425-TC-RES

**MEMORANDUM AND ORDER**

This matter comes before the Court on Relator Janice Segura's Motion for Leave to File a Third Amended Complaint. ECF No. 90. Defendants Surgical Care Affiliates ("SCA"), LLC and KU Medwest Ambulatory Surgery Center, LLC have filed a response in opposition, and the Relator has filed a reply in further support of the Motion. ECF Nos. 92 and 93. For the reasons explained below, the Motion is denied.

## I. BACKGROUND

This is a False Claims Act ("FCA") case in which the Relator has sued Defendants for alleged false claims made to TRICARE. *See* ECF No. 66 (Second Amended Complaint). The Relator filed this case more than four years ago, on October 19, 2022. ECF No. 1. The Complaint alleged Defendants participated in an alleged "upcoding scheme" whereby they allegedly submitted or caused to be submitted false claims to government-funded healthcare plans by improperly using certain codes that would result in a higher reimbursement rate. *See id.* at 1-2. The Complaint also alleged that Defendants were "improperly unbundling items which would be considered supplies and not separately reimbursable by billing them using the unlisted L8699 code

as well." *Id.* at 15, ¶ 44. The United States investigated the Relator's claims for more than two years before filing a notice declining to intervene on December 5, 2024. *See* ECF No. 22.

The Relator subsequently filed an Amended Complaint as a matter of course on December 30, 2024. ECF No. 28. The Amended Compliant continued to assert the same unbundling theory in paragraph 44. *See id.* at 15, ¶ 44. After Defendants appeared, the Court set this case for a scheduling conference on February 19, 2025. ECF No. 29. But Defendants filed an unopposed motion to stay discovery pending a ruling of their forthcoming motion to dismiss, and the Court granted the motion to stay. ECF Nos. 42 and 44.

On February 14, 2025, Defendants filed their motion to dismiss. ECF No. 45. As relevant to the present Motion, Defendants argued that the Relator's unbundling theory did not state a plausible theory of fraud to support any FCA claim. *Id.* at 8. Specifically, Defendants argued that the single-paragraph in the Amended Complaint failed to plausibly allege falsity, the submission of any false claim, scienter, or materiality and was insufficient to meet the notice-pleading requirements of either Fed. R. Civ. P. 8(a) or Fed. R. Civ. P. 9(b)'s heightened pleading requirements for fraud. *Id.* at 8-9. In the Relator's response to the motion to dismiss, she stated she "will not be pursuing false claims outside TRICARE or the false 'unbundling' claim as alleged in the [Amended Complaint] ¶ 44." ECF No. 46 at 2.[1] The District Judge granted in part and denied in part the motion to dismiss, addressing only the upcoding theory of liability in light of the briefing and the Relator's representations that she was no longer asserting an unbundling claim.

[1] In her present Motion, the Relator acknowledges that she intentionally abandoned her unbundling claim. *See* ECF No. 90 at 4 (referencing her prior unbundling claim and stating that the "Relator acknowledges that she abandoned this claim when responding to Defendants' first motion to dismiss").

*See generally United States ex rel. Segura v. Surgical Care Affiliates, LLC*, No. 22-CV-2425-TC-RES, 2026 WL 872445 (D. Kan. Mar. 31, 2026).

The Court reset a scheduling conference, and discovery began in earnest in April 2026. *See* ECF No. 49. The Court entered a Scheduling Order imposing various case-management deadlines, including an April 29, 2026 deadline for amendments to the pleadings. ECF No. 60 at 2. Notably, the April 29, 2026 deadline was the deadline proposed by the *Relator*, which the Court adopted.[2] And indeed, the Relator timely filed a motion for leave to file a Second Amended Complaint on April 28, 2026, which the Court granted as uncontested. ECF Nos. 56 and 65. Consistent with the Relator's prior representation that she was no longer pursuing an unbundling theory, the Second Amended Complaint omitted the prior version of paragraph 44 setting forth that theory. *See generally* ECF No. 66. On May 19, 2026, Defendants filed a partial motion to dismiss, which is now ripe and remains pending. ECF No. 68.

More than five months after the deadline for amendments, the Relator filed the present Motion for Leave to File a Third Amended Complaint. ECF No. 90. The Relator seeks to amend her complaint to revive her unbundling theory that she previously represented she was no longer

---

[2] In the Relator's reply brief, she makes statements suggesting the Court set this deadline early in the case, noting the deadline was set for April 29, 2026, the same day the Court entered the Scheduling Order and before production of the underlying records. ECF No. 93 at 2. This was the Relator's proposed deadline for pleading amendments, as Relator's counsel confirmed in an April 14, 2026 email to the Magistrate Judge's chambers. The Relator was free to ask for a later deadline, particularly if she thought she would attempt to replead the unbundling theory that she voluntarily withdrew. Instead, she anticipated amending to make clear that she was pursuing a legal falsity claim under the FCA. *See* ECF No. 56 at 2 (Relator's motion to amend explaining that in the order granting in part the motion to dismiss, "the Court construed Relator's FCA allegations as *only* asserting a factually false certification claim" but the "Relator intended to also allege a legally false claim"). Notably, Defendants argued that this was not a "clarification" because that legal falsity claim was not previously pleaded. *See* ECF No. 68 at 2 (Defendants' motion to dismiss stating that "Relator now conjures an entirely new legal falsity theory in the Second Amended Complaint that she omitted from her two prior complaints").

pursuing and to plead facts supporting the theory. *See generally* ECF No. 90-2 (redline version of the proposed pleading reflecting changes). Defendants oppose the Motion on multiple grounds. ECF No. 92. On October 20, 2026, the Relator filed a reply in support of her Motion. ECF No. 93.

## II. LEGAL STANDARD

When a party moves to amend the pleadings after the deadline established in the scheduling order, as is the case here, the moving party must demonstrate "(1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).[3] "Rule 16(b)(4) is arguably more stringent than Rule 15, permitting scheduling order amendments only for good cause and with the judge's consent." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019-20 (10th Cir. 2018) (internal quotations omitted); *Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022) (same). If the movant does not establish good cause under Rule 16(b)(4), the Court must deny the motion and need not consider the second step of the analysis—whether to permit amendment under Rule 15. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019); *see also Gorsuch*, 771 F.3d at 1241 (characterizing the showing of good cause as "the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed").

[3] The Relator's Motion cites a 2011 District of Kansas case for the proposition that the Tenth Circuit has not yet decided whether a party seeking to amend must satisfy the Rule 16(b)(4) good-cause standard. ECF No. 90 at 5. This was correct at the time that order was issued in 2011. But as is clear from the case citations above, the Tenth Circuit articulated more than a decade ago that a party moving to amend after the scheduling order deadline must also establish good cause.

Federal Rule of Civil Procedure 16(b)(4)'s good-cause standard "requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240 (brackets in original and internal quotations omitted). A party may satisfy this standard, for example, if it learns of new information through diligent discovery efforts or if the underlying law has changed. *See id.* Nevertheless, if a party knows of the conduct underlying the amendment but simply fails to raise the claims, they are barred. *Id.*

## III. DISCUSSION

The Relator has not established good cause under Rule 16(b)(4), and the Court denies the Motion on this basis. Even if the Relator had established good cause, the Court still would deny the Motion under Rule 15(a)(2) because Defendants have established at least undue delay and undue prejudice.

### A. Rule 16(b)(4) Standard

Although the Relator points to recent discovery responses as the basis for the otherwise untimely Motion, the Relator has not established that this purportedly new information could not have been learned sooner through diligent discovery efforts, and the Relator has not established good cause for the entirety of the relevant period—from the April 29, 2026 deadline for amendments to the pleadings to October 9, 2026, when the Relator filed the present Motion. Each basis, standing alone, is a sufficient reason to find that the Relator has not established good cause under Rule 16(b)(4). The Court discusses each reason separately.

#### 1. Diligent Efforts to Discover the Information Forming the Basis for the Amendment

A party does not carry its burden to demonstrate good cause by simply stating it learned of purportedly new information after a deadline for amendments has passed. *See MidAmerica Div., Inc. v. First Health Grp. Corp.*, No. 23-2551-EFM-RES, 2025 WL 958274, at *4 (D. Kan. Mar.

31, 2025), *objections overruled*, No. 23-2551-EFM-RES, 2025 WL 2230745 (D. Kan. Aug. 5, 2025). Rather, in evaluating whether a party has shown good cause under Rule 16(b)(4), the Court must examine whether the moving party has been diligent in attempting to acquire the discovery that forms the basis for the motion to amend. *See Husky Ventures, Inc.*, 911 F.3d at 1021 (affirming the district court's finding of a lack of good cause where the movant did not "act with reasonable diligence in unearthing—through the customary tools of discovery—the ostensibly 'newly discovered evidence' . . . that allegedly justified the motion to amend"). In other words, "lack of diligence can include a [movant's] failure to seek the information it needs to determine whether an amendment is in order." *Id.* at 1022 (quoting *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009)).[4]

The Relator points to recent discovery that she says prompted the Motion, but the Motion wholly fails to demonstrate diligence in obtaining the discovery. And here, the need to diligently pursue this type of discovery was obvious from the outset as the Relator pleaded the unbundling

---

[4] *See also Perez v. Denver Fire Dep't*, 724 F. App'x 646, 650 (10th Cir. 2018) (affirming the district judge's denial of a motion to amend where a plaintiff pointed to deposition testimony providing certain information that could have been discovered "at the outset"); *Obaid v. Ainstein AI, Inc.*, No. 26-2025-KHV-BGS, 2026 WL 3181058, at *2 (D. Kan. Oct. 23, 2026) ("Identifying when information was received does not, by itself, explain why it could not have been obtained earlier through diligent discovery."); *Driverdo, LLC v. Slalom, Inc.*, No. 24-2249-EFM-RES, 2025 WL 3039254, at *5 (D. Kan. Oct. 31, 2025) ("The relevant question then is whether Defendant moved diligently throughout the entire discovery period to obtain the information it ultimately learned at the end of the discovery period, which Defendant contends forms the ground for the amendments. Defendant has not established that it did."); *Smith v. Wyndham Vacation Ownership, Inc.*, No. 4:24-CV-00040-DN-PK, 2025 WL 1697383, at *3 (D. Utah June 17, 2025) ("Thus, if a movant could have discovered the relevant facts earlier through other discovery methods, a finding of good cause is not supported." (citation omitted)); *Olson v. GrowGeneration Corp.*, No. 22-CV-02897-NYW-KAS, 2024 WL 3634948, at *3 (D. Colo. June 22, 2024) ("However, if the movant could have discovered the relevant facts earlier or failed to perform the research necessary to recognize an applicable claim, that does not support a finding of good cause."), *R.& R. adopted*, No. 22-CV-02897-NYW-KAS, 2024 WL 3634884 (D. Colo. July 9, 2024).

theory in her original October 19, 2022 Complaint only to later represent in a February 21, 2025 response brief that the Relator "will not be pursuing false claims outside TRICARE or the false 'unbundling' claim as alleged in the [Amended Complaint] ¶ 44." ECF No. 46 at 2. If the Relator intended to possibly attempt to replead the theory after obtaining discovery, she should have said as much in the briefing or at the scheduling conference—an issue addressed in the section below discussing undue prejudice to Defendants. But even if she had, the Relator would have known that she needed to act quickly to obtain any necessary discovery to allow her to plead facts supporting the theory. That did not occur here.

Specifically, the background section of the Motion explains that on April 15, 2026, the Relator served "an interrogatory with numerous subparts" seeking medical and billing data from Defendant SCA. ECF No. 90 at 3. In response, Defendant SCA apparently produced an Excel dataset on July 6, 2026, that identified 2,754 medical procedures involving the general device billing codes at issue in this case. *Id.* On July 13, 2026, the Relator then served her first requests for production of documents ("RFPs") on SCA seeking the medical and billing records for those identified procedures. *Id.*; *see also* ECF No. 81 (Certificate of Service).

The Relator does not allege she served specific interrogatories seeking information related to the unbundling theory. She additionally does not explain why she did not simultaneously serve RFPs seeking the production of relevant medical and billing records. Instead, staging discovery in this manner ensured that the Relator allowed months of discovery to lapse before serving her first set of RFPs on Defendant SCA. This is not compatible with a finding that she diligently attempted to obtain the discovery that she states forms the basis for the amendments.

Even after Defendant SCA began producing documents, the Relator does not establish diligence. Instead, the Relator states that the document requests were going to result in a

voluminous production—something entirely foreseeable in a FCA case of this nature. *Id.* at 3. But because of the Relator's impending Scheduling Order deadline to make a settlement proposal, the Relator agreed to a sample of just 31 procedures for document production, which Defendant SCA apparently produced on September 1, 14, and 22. *Id.*

Again, the Relator alleged improper unbundling from the outset of this litigation, which means she was required to have a proper basis to do so. *See* Fed. R. Civ. P. 11(b). In other words, she was on notice that Defendants allegedly engaged in the practice at least four years ago when she filed this lawsuit and made specific allegations about improper unbundling. *See* ECF No. 1 at 15, ¶ 44. Unlike other paragraphs in the original Complaint, paragraph 44 was not pleaded on information and belief. While the Court appreciates that the Relator may not have had information to plead facts supporting all elements of the FCA claims related to the alleged unbundling theory, it was incumbent upon the Relator to exercise diligence in initiating discovery to obtain the necessary information for her to do so.

The Relator instead represented she was no longer pursuing the theory, requested an April 29, 2026 deadline for amendments to the pleadings (which in no way suggested she would attempt to replead the theory), allowed months of discovery to lapse before she served RFPs, and now suggests that it was somehow unforeseeable that her expert might identify alleged instances of purported unbundling supporting what she herself pleaded years ago. Simply put, the Relator has not acted with reasonable diligence in unearthing this alleged newly discovered evidence supporting a theory she previously pleaded more than four years ago. This alone is a sufficient basis to deny the Motion.

### 2. Diligence in Moving to Amend

The Relator also has not shown diligence in moving to amend, which represents another basis to deny the Motion. More specifically, even after learning of new information through discovery, a party "must act *diligently* to amend." *Horocofsky v. City of Lawrence, Kan.*, --- F.4th ---, 2026 WL 2673123, at *10 (10th Cir. 2026) (emphasis original); *Bertels v. Farm Bureau Prop. & Cas. Ins. Co.*, No. 20-2298-JWB-ADM, 2021 WL 533827, at *4 (D. Kan. Feb. 12, 2021) (same). This requires a party to demonstrate good cause up to the time it files its motion. *See MidAmerica*, 2025 WL 958274, at *4 (citing *Vivint, Inc. v. N. Star Alarm Servs., LLC*, No. 2:16-cv-00106-JNP-EJF, 2018 WL 3215663, at *3 (D. Utah Feb. 5, 2018) ("The moving party must show good cause for failing to move to amend prior to the cutoff date and for the length of time between learning of the new information warranting amendment and moving to amend")).

Even if the Relator could not have learned of the information underlying the amendments despite diligent discovery efforts (which is not the case), the Relator has not established good cause up to the time she filed her Motion. For example, the Realtor does not identify which date or dates in September the key documents were produced, which undercuts any finding that the Relator could not have amended any sooner than October 9, 2026, despite diligent efforts. For example, if the Relator had the documents in hand on September 1, 2026, that supported the unbundling theory, she could have amended far sooner than October 9, 2026. Even if the documents underlying the amendment were not produced until September 22, 2026, the Relator still waited 17 days to move to amend—without explanation. *See* ECF No. 90 at 6 (Relator's Motion explaining that after the Relator's expert identified numerous instances of fraudulent unbundling, she moved to amend "within weeks"); *see also* ECF No. 93 at 2 (Relator's reply brief arguing that the Relator exercised diligence because she moved to Amend on October 9, 2026, "only 17 days

following the September 22 production"). The Relator does not explain why September 22, is the key date—as opposed to productions weeks earlier—or why it took 17 days to move to amend, and the omission is particularly glaring given that the deadline for amendments passed more than five months ago. In sum, the unexplained at-least-17-day delay does not support a finding that the Relator could not have amended sooner than October 9, 2026, despite diligent efforts.

### B. Rule 15(a)(2) Standard

Because the Court does not find that Relator has established good cause under Rule 16(b)(4), the Court must deny the Motion and need not consider whether to permit an amendment under Rule 15(a)(2). *See Tesone*, 942 F.3d at 990. Nevertheless, the Court briefly discusses the Rule 15 standard because it provides additional reasons as to why the Court would deny the Motion at this stage of the litigation.

Federal Rule of Civil Procedure 15(a) provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further instructs that courts should "freely give leave when justice so requires." *Id.* A court may deny a motion to amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants oppose the Motion on the grounds of undue delay, undue prejudice, and futility. *See generally* ECF No. 92. Defendants also argue that the Relator cannot use discovery to plead or cure a pleading deficiency under the FCA or Rule 9(b). *See id.* The Court addresses undue

delay and undue prejudice but declines to reach other issues given the multiple separate bases on which the Motion is deniable.

**1. Undue Delay**

Courts have observed that the Rule 16(b)(4) good-cause standard is similar to the undue delay analysis.[5] *See, e.g.*, *Renne v. Soldier Creek Wind LLC*, No. 21-4032-HLT-ADM, 2023 WL 4864981, at *2 (D. Kan. July 31, 2023) ("Thus, for essentially the same reasons discussed above with respect to the Rule 16 good-cause standard, the court denies Renne's motion based on undue delay.") *objections overruled sub nom.*, No. 21-4032-HLT-ADM, 2023 WL 6216318 (D. Kan. Sept. 25, 2023). For the same reasons discussed above, the Court also finds that the Relator unduly delayed in seeing amend.

**2. Undue Prejudice**

Undue prejudice is the most important factor the Court considers when evaluating a motion to amend pursuant to Rule 15. *See Minter*, 451 F.3d at 1207. Courts typically find undue prejudice if the proposed amendment affects the opposing parties in terms of preparing their defense. *Id.* This is the case here.

Defendants argue that they have now engaged in six months of discovery on the Relator's upcoding theory and structured their discovery, expert plans, and motion practice in reliance on the Relator's prior representation that she was no longer pursuing her unbundling theory. ECF No. 92 at 7. They further state that the new theory would require additional discovery, impact

[5] Delay alone is not enough to deny a motion to amend. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). But, at some point, delay becomes undue when it places an unwarranted burden on the Court or when it becomes prejudicial by placing an unfair burden on the opposing party. *Id.* In analyzing whether the delay was undue, the Court focuses primarily on the reasons for the delay, and the Court may deny a motion to amend where the moving party lacks an adequate explanation. *See Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010).

expert witness disclosures, and would require a third round of motion-to-dismiss briefing, which would further delay the case. *Id.*

The Court agrees that Defendants would be unduly prejudiced. Defendants undertook the time and effort to file their original motion to dismiss, which included seeking to dismiss the Relator's unbundling claim. Only *after* the motion to dismiss was filed did the Relator withdraw this claim with the affirmative representation to the Court that she "will not be pursuing false claims outside TRICARE or the false 'unbundling' claim as alleged in the [Amended Complaint] ¶ 44." ECF No. 46 at 2. She then requested an April 29, 2026 deadline for amendments to the pleadings (which the Court imposed) to address a separate pleading issue, and she did not raise the possibility of amending to reassert the unbundling theory until months past the deadline she requested for amendments to the pleadings.

The Relator is now on her third round of the pleadings. The most recent Second Amended Complaint seeks to clarify that the Relator is pursuing a legal falsity claim, an amendment filed in response to the Court's ruling on the first round of motions to dismiss in which the Court found that it appeared the Relator was *not* pursuing a legal falsity claim. *See Segura*, 2026 WL 872445, at *4 n.4 ("Segura does not explain whether she is pursuing a claim of legal falsity or factual falsity. . . . Based on a review of Segura's Complaint and her response to the motion to dismiss, Docs. 28 and 46, it does not appear that she is pursuing a claim of legal falsity because she failed to allege that SCA and KU Medwest certified compliance with a statute or regulation as a condition of payment."). At some point, the pleadings in this case need to be solidified. Defendants have now filed two rounds of motions to dismiss in response to the Relator's amended pleadings. Defendants contend the unbundling theory is still subject to dismissal because the proposed pleading fails to sufficiently plead scienter, an essential element of an FCA claim, ECF No. 92 at

8-9, which means there will be yet another round of dispositive-motion briefing if the proposed Third Amended Complaint were filed.

Although discovery is ongoing, the parties' expert disclosure deadlines are set for the beginning of 2027. ECF No. 60 at 2. Allowing another amended pleading at this stage would disrupt the entire case schedule. A Third Amended Complaint will result in a third round of motion to dismiss briefing, which likely would have the effect of mooting Defendants' currently pending second motion to dismiss, which is ripe for a ruling. This means an additional delay regarding whether the Relator's legal falsity claim will ultimately proceed in this litigation. This will necessarily result in requests to amend the expert deadlines, which will impact all remaining Scheduling Order deadlines, including the trial date. For all of these reasons, Defendants would be unduly prejudiced if the Court allowed the Relator to amend again at this stage of the case to re-add a claim the Relator voluntarily abandoned.

## III. CONCLUSION

For the reasons explained above, the Court denies the Motion because the Relator has not established good cause under Rule 16(b)(4). Even if the Relator had established good cause, the Court would deny the Motion because the Relator unduly delayed and because Defendants would be unduly prejudiced if the Court allowed the belated amendment.

**IT IS THEREFORE ORDERED** that Relator Janice Segura's Motion for Leave to File a Third Amended Complaint, ECF No. 90, is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 27, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge